IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JEREMY KISER,

      Plaintiff,

v.                                   Case No. 2:21-cv-00334

WEST VIRGINIA DIVISION OF CORRECTIONS,
KANAWHA COUNTY CIRCUIT COURT,
PRIMECARE MEDICAL, and CAMC HOSPITAL,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.    *PROCEDURAL HISTORY*

On June 10, 2021, Plaintiff, who was then incarcerated at the South Central Regional Jail, in Charleston, West Virginia, filed a Complaint, (ECF No. 2), alleging denial of appropriate medical care and other complaints about his conditions of confinement, and an incomplete Application to Proceed Without Prepayment of Fees and Costs ("Application"), (ECF No. 1). On June 30, 2021, the undersigned entered an Order and Notice denying Plaintiff's Application and directing him to file a new, properly completed Application by July 14, 2021. (ECF No. 6). Plaintiff was also notified of the obligation to keep the court and opposing party advised of any changes to his contact information, including his release from custody. (*Id.*) The Order and Notice further notified Plaintiff

that the failure to comply therewith would result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. As of today's date, Plaintiff has wholly failed to comply with the undersigned's Order and Notice and has not communicated with the court in any way concerning this matter since filing his complaint.[1]

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Such is the case here.

---

[1] The undersigned notes that Plaintiff has a second civil action pending in this court, Case No. 2:22-cv-00026, concerning similar allegations of denial of appropriate medical care, which is separately proceeding. Plaintiff did ultimately file a proper Application to Proceed Without Prepayment of Fees and Costs in that matter, which was granted by the court on June 30, 2022. *Kiser v. West Virginia Div. of Corr. & Rehab.*, Case No. 2:22-cv-00026, ECF No. 23.

Plaintiff failed to comply with the undersigned's Order and Notice to timely file a new Application form and he has failed to prosecute this action as required. Accordingly, the responsibility for the delay in the progress of this matter is entirely on Plaintiff and dismissal, as expressly warned in the undersigned's Order and Notice, appears to be the only appropriate sanction.

### III.   FINDINGS AND RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on

Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

November 15, 2022

Dwane L. Tinsley
United States Magistrate Judge